SHEPARD, Chief Justice,
concurring and dissenting.
I concur in the Court's opinion explicating the nature of the lender liability limitation amendment, but I would affirm the trial court's grant of judgment for the bank.
John Sees is hardly a borrower who just dropped off the turnip truck. He is a licensed lawyer. He and his brother obviously hoped to do well in their joint equipment company, a venture of sufficient size that the loan they sought at Bank One was $500,000. For all we know from the record, they did just fine.
Unsurprisingly for an enterprise of this size, the bank asked 'the principles to give their personal guarantees. Sees now claims "fraud" by the bank, saying that a banker told him the purpose of the guarantee was not really to collect against him in case of default.
Even if Sees were not a lawyer, the agreement he signed should make the claim unavailing. It is a pretty plain language sort of document. In it, Sees agrees that the "Guarantor's obligation under this Guaranty is UNLIMITED." He affirmatively represents that the guaranty is "valid and binding, enforceable according to its terms." He says in this writing that the guaranty "shall not be released or affected by...any act or omission of the Bank."
These written representations by Sees vitiate his contention that some banker told him the "real purpose of the guaranty was not to collect." Lawyer Sees obviously knew otherwise, and allowing him to resist on this basis will understandably make banks more wary of lending to Indiana lawyers.